IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOSE CUERO-TENORIO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 322-128 |
| | ) |
| WARDEN, FCI YAZOO CITY (Medium),[1] | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.    BACKGROUND**

On September 26, 2022, while incarcerated at McRae Correctional Facility, Petitioner filed his petition pursuant to 28 U.S.C. § 2241 but did not pay the $5.00 filing fee or move to proceed *in forma pauperis* ("IFP"). Upon opening the case, the Clerk of Court sent Petitioner a deficiency notice concerning the need for an IFP motion or payment of the filing fee as required by 28 U.S.C. § 1914. (See doc. no. 2.) The notice explained failure to correct the

---

[1] The Court **DIRECTS** the **CLERK** to update the docket in accordance with the above caption to reflect the warden at Petitioner's current prison as the Respondent.

deficiency could result in dismissal of his case. (See id.) Petitioner did not respond to the deficiency notice.

On November 18, 2022, Respondent informed the Court that Petitioner was transferred to FCI Yazoo City Medium on September 29, 2022. (Doc. no. 4.) On November 22, 2022, the Court reminded Petitioner of his obligation to pay the filing fee or move to proceed IFP and warned him failure to do so within twenty-one days would result in dismissal of his case. (Doc. no. 5.) Petitioner failed to respond to the Court's Order.

**II.     DISCUSSION**

The time to respond to both the Clerk's deficiency notice and the Court's Order has expired, and Petitioner has not submitted the filing fee or a proper IFP motion with supporting documentation. Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (*citing* Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R.

41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

The law is clear a Court may even dismiss a petition brought pursuant to 28 U.S.C. § 2241 for failure to pay the filing fee or moving to proceed IFP.  See Olivares v. Warden, USP Coleman I, 786 F. App'x 994, 995 (11th Cir. 2019) (upholding dismissal of § 2241 petition for failure to pay filing fee or submit IFP motion in accordance with local rules); Abdur-Rahiim v. Fikes, No. 2:22-CV-61, 2022 WL 3702927, at *1 (S.D. Ga. Aug. 5, 2022), (dismissing § 2241 petition for failure to pay filing fee or move to proceed IFP), *adopted by* 2022 WL 3702070 (S.D. Ga. Aug. 26, 2022); King v. Joseph, No. 3:21-CV-978-MCR/MJF, 2021 WL 6339055, at *2 (N.D. Fla. Nov. 22, 2021), (same), *adopted by* 2022 WL 94993 at *1 (N.D. Fl. Jan. 10, 2022).

Here, Plaintiff has failed to comply with the requirements of 28 U.S.C. § 1914 when he did not submit a motion to proceed IFP or pay the $5.00 filing fee upon submission of his petition, and when given an extension to submit the appropriate paperwork, he failed to respond to the Clerk's deficiency notice and the Court's Order.  Petitioner's failure to file an IFP motion, pay the filing fee, respond to the deficiency notice, or respond to the Court's Order amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  Furthermore, because Petitioner refuses to provide any financial information, the Court finds that the imposition of monetary sanctions is not a feasible sanction.  Petitioner's petition is therefore subject to dismissal, without prejudice.

3

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of January, 2023, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA